THADDEUS RICHARDSON *vs.* WILLIAM F. FOREPAUGH & Trustee.

An assignment, made by a citizen of Pennsylvania, in that state, of all his property, for the benefit of his creditors ratably, and valid by the laws of that state, holds his property here, as against a citizen of this commonwealth, who since such assignment has purchased a promissory note which was made by the debtor in Pennsylvania to a citizen of that state, and was held by the payee and overdue at the time of the assignment.

Under a commission to take the depositions of "J. S. and other members of the bar in P." the depositions of such other members of the bar may be taken, if no objection is taken before the commission issues.

TRUSTEE PROCESS. John F. Forepaugh appeared and was admitted as a party to the suit under Rev. Sts. *c.* 109, § 18, and claimed the funds in the hands of the alleged trustee, under an assignment made in Pennsylvania, of all the property of the principal defendant, who was a citizen of that state, in trust to divide all the proceeds thereof ratably among the creditors of the assignor, and to return to him any surplus remaining.

Upon the evidence introduced at the trial of this claim in the court of common pleas, (the substance of which is stated in the opinion,) *Hoar,* J. directed a verdict for the claimant.

Richardson v. Forepaugh & trustee.

Among the evidence introduced by the claimant, were depositions taken in Philadelphia, under a commission authorizing the magistrate to take the depositions of " B. Gerhard, Esq., counsellor at law, of said Philadelphia and State of Pennsylvania and other members of the bar in said city and state, severally." The plaintiff, before the issuing of the commission, had put cross-interrogatories to Gerhard only, but had not otherwise objected to the omission of the names of the witnesses intended to be examined. At the trial, he objected to the admission of the deposition of another member of the Philadelphia bar, taken under this commission, on the ground that he was not named in the commission; but the judge overruled the objection.

To each of these rulings the plaintiff excepted.

*R. F. Fuller*, for the plaintiff.

*A. H. Fiske*, for the claimant.

Thomas, J. Upon the evidence, we are satisfied that the assignment was valid by the laws of Pennsylvania, and that its effect was to vest in the assignee all the estate, real and personal, of the debtor, wherever situated, in trust for his creditors. The note in suit was made in Pennsylvania ; it was payable to citizens of that state ; it was in the hands of the payees, and overdue, at the time the assignment was made. As against the holders of the note the assignment had full effect. The plaintiff took the note after its maturity, and after the assignment, with notice, presumed, if not actual, and acquired no higher rights than those had from whom he purchased. Or the proposition may be thus stated: As against the creditors in Pennsylvania, the property vested in the assignee by the force of the assignment, valid by the laws of that state ; the subsequent purchase of the note overdue, by a citizen of this commonwealth, cannot affect the result.

The assignment under which the claimant holds, creating no preferences, and stipulating for no discharge, is not in conflict with the policy of our laws. It is difficult therefore to see why it would not have been effectual against a citizen of Massachusetts, a creditor at the time, whose attachment was subsequent to the assignment. But this it is not necessary to decide ; for

the plaintiff was not a creditor until after the assignment had been made, and the property had vested in the claimant. We can see no ground therefore, in law or equity, why, as against him, the assignment should not have its full force. See *Whipple* v. *Mayer*, 16 Pick. 25; *Daniels* v. *Willard*, 16 Pick. 36. We thus but give effect to a just and reasonable contract, valid by the laws of the state where it is made, and not in conflict with the principles or policy of our own. This the plainest rules of comity, or, in other words, the settled rules of law require.

The deposition was rightly admitted. The commission included " other members of the bar." If the plaintiff objected to this course, he should have made his objection when the commission was issued.                          *Exceptions overruled.*